## SCHUEHARDT Et Al.

*vs.*

## JOSEPH THORNTON.

The measure of damages, where a bill of exchange is returned protested for non-payment, is its value at the place and time of payment.

Law, No. 2,815. Decided June 10, 1868.

Motion for a new trial on exceptions.

Action against the defendant, as drawer of a bill of exchange for 2,500 pounds on Benjamin Thornton, London. The bill was purchased by the plaintiffs for $11,600 in gold, was accepted by the drawee and, at maturity, was protested for non-payment.

The current rate of exchange, both in currency and gold was proved at the trial, and the plaintiffs asked the Court to instruct the jury that they were entitled to recover according to the exchange in currency, and the 15 per cent. damages on the value of the bill in currency; but the Court, on the contrary, ruled that the amounts were to be computed in gold. This was the subject of the plaintiff's exception.

Mr. Walter S. Cox, for plaintiff:

The Act of Assembly of Maryland, of 1785, Ch. 38, Sec 1, gives the right to recover, in suits on foreign bills, so much current money as will purchase a good bill of exchange of the same time of payment, and upon the same place, *at the current exchange of such bills, and also 15 per cent. damages on*

*the value of the principal sum mentioned in such bill, with costs, interests, &c.*

Bills of exchange are an article of commercial dealing. They are bought and sold. The act of Assembly treats them as a subject of purchase, and regulates the damages by their cost in the market. When we speak of the value of anything, we speak with reference to the cheaper currency. We say an article is so much higher, because of the currency.

The verdict should be for such amount as would have to be paid in currency, because the payment is to be made in currency. If the verdict be for the amount which would make good the claim in gold, and yet the defendant may pay that amount in currency, the plaintiffs do not get back their principal.

This is not a debt, within the legal tender act, for so many dollars. It is a special contract, that a third person will pay so much specie in London, where greenbacks are not money, and the plaintiffs sue for damages, for breach of this special contract. Under the general law merchant, they would be entitled to re-draw from London, for so much as would make good to them there, at the maturity of the bill, the amount thereof; or, in other words, to recover such amount here. And as they can only recover currency, it follows that the exchange, &c., must have been computed in currency, or they would not be indemnified. The act of Assembly substitutes a full indemnity for breach of a special contract to be performed abroad.

MESSRS. KENNEDY & WEBB for defendant.

MR. CHIEF JUSTICE CARTTER delivered the opinion of the Court:

The bill must be held at its value in London at the time it was presented. Where parties contract with each other on a gold standard, and with a view to the price of gold, they should be held to respond in gold. No principle of

the law merchant is better settled than that a bill of ex-
change shall be paid at its value at the place of payment.
To say that when this bill, which was drawn with a view to
its payment in gold, came back to this country it might be
paid in a currency worth forty per cent. less than gold
would be to set aside the contract of the parties.

MR. JUSTICE OLIN said:

This bill of exchange was an article of merchandise, and
certainly it could not be bought at $4.44 per pound sterling.
The error below was in regarding this as a mere money trans-
action, when in fact it was the purchase of a merchantable
article.

Verdict and judgment set aside and new trial granted.

MR. JUSTICE WYLIE dissented.